IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SANDRA J. WHITE,**      x<br>: **Civil Action**<br>    **Plaintiff,**   : **No.: CV-02-4883**<br>:<br>**v.**   :<br>:<br>**NATIONAL RAILROAD PASSENGER** :   **ANSWER TO COMPLAINT**<br>**CORPORATION,**   :<br>:<br>    **Defendant.**   :<br>     x | |

Defendant National Railroad Passenger Corporation ("Amtrak"), by way of Answer to plaintiff's Complaint, says:

1. Defendant Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Defendant Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Defendant Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, except admits that defendant Amtrak operates a railroad in interstate commerce.

4. Defendant Amtrak denies the allegations contained in Paragraph 4, except admits that at certain times plaintiff was

employed by Amtrak.

5. Defendant Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Defendant Amtrak denies the allegations contained in Paragraph 6.

7. Defendant Amtrak denies the allegations contained in Paragraph 7.

8. Defendant Amtrak denies the allegations contained in Paragraph 8.

9. Defendant Amtrak denies the allegations contained in Paragraph 9, including sub-paragraphs (a) through (h).

10. Defendant Amtrak denies the allegations contained in Paragraph 10.

11. Defendant Amtrak denies the allegations contained in Paragraph 11.

12. Defendant Amtrak denies the allegations contained in Paragraph 12.

**WHEREFORE,** defendant Amtrak demands judgment against plaintiff dismissing the complaint and awarding their costs of suit, attorneys' fees and such other relief as the Court deems just and proper.

### AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Any damages, losses, or injuries sustained by the plaintiff were caused by the acts and/or omissions of persons or entities other than this defendant and over whom this defendant exercised no control.

**THIRD AFFIRMATIVE DEFENSE**

Any claims which plaintiff may have against defendant Amtrak are barred, or alternatively, must be reduced by virtue of the doctrines of comparative or contributory negligence.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has waived her right to pursue this action by her execution of a voluntary and knowing release.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate her damages.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's action is barred in whole or in part by the doctrines of res judicata, issue preclusion and/or judicial estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the applicable statute of

limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims we preempted and/or precluded by federal law.

### JURY DEMAND

Defendant hereby demands a trial by jury of all issues if so triable.

```
                                LANDMAN CORSI BALLAINE & FORD, P.C.
                                One Gateway Center, Suite 400
                                Newark, NJ 07102-5311
                                (973) 623-2700
                                Attorneys for Defendant
                                National Railroad Passenger
                                Corporation ("Amtrak")


                                By: _____
                                    Christopher S. Kozak
                                    #06780
```

Dated:   February 11, 2003

**<u>CERTIFICATION</u>**

I hereby certify that the matter in controversy in this action is not now known to me to be the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

By:_____
    Christopher S. Kozak
    I.D. # 06780


Dated:    February 11, 2003
              Newark, New Jersey